## Richardson v. Lainhart.

December 5, 1950.

Ray C. Lewis, Judge.

Shumate & Shumate for appellant.

Lewis & Weaver, J. R. Llewellyn for appellee.

CHIEF JUSTICE SIMS—Affirming.

This action was brought by appellee, Andrew Lainhart, to enjoin appellant, Ben Richardson, from cutting a white oak corner tree and to be adjudged the owner of a wedge-shaped tract of land of 1.4 acres located in Jackson County. The chancellor granted the relief sought and Richardson appeals.

Both parties admit that a correct determination of the controversy depends upon the true location of the white oak corner appearing in the first call of appellee's deed, "Beginning at five chestnut oaks on a point, thence S. 7 W. 76 poles to a white oak corner made by Thomas Blanton and W. B. Murphy." Appellant's land adjoins that of appellee on this line and his deed calls for appellee's line as the boundary between their two tracts.

Although the markers are gone, the beginning corner is not in dispute since a stone has been placed where the five chestnut oaks stood. But there is much contradiction in the evidence relating to the white oak corner.

Appellee testified that when he bought his land in 1890 this white oak was pointed out to him as a corner tree, and was so marked. Josiah Collins, 83 years of

age, testified that when he was a boy this tree was shown to him by his grandfather as a corner tree, and it was so marked at that time. W. R. Blanton has lived in the vicinity for 40 years, knew this large tree, and saw the marks, or hacks, on it 15 or 20 years ago and at that time they appeared to be old.

Appellant testified there had never been any marks on this tree before 1935 and when he received information from government surveyors that this tree was the wrong corner, his son, Earle Richardson, hewed the marks off of it sometime in 1935. Other witnesses corroborated appellant that the white oak in dispute never had any marks on it until the government surveyors put them there.

The testimony of N. J. Tuttle, employed to survey appellee's land, and that of E. S. Williams, the surveyor who ran the disputed line for appellant, is about as conflicting as is the testimony of the other witnesses who testified as to whether this white oak was marked as a corner tree. The line in dispute was established in a patent 118 years ago, and Tuttle testified the proper allowance which he made for the variation in the compass was "very near 6 degrees * * * that is the variation I have always added for the last 25 years on old lines according to the age of it." Running the disputed line with a 6 degree variation, Tuttle hit the white oak by extending the call 12 or 15 feet.

Williams testified he first used a variation of 2 degrees and missed a known corner by 10 feet; then made his variation 3 degrees instead of 2, ran the line in dispute 1254 feet to where a white oak was called for, and found where a stump had been taken out or rotted out. Williams testified this depression was the correct corner instead of the white oak tree claimed by appellee. However, appellee testified that this stump which had been removed was not that of the disputed white oak corner but was the stump of a chestnut tree he had cut 45 years ago to make railroad ties.

This is a fact case where the evidence, although highly conflicting, is abundant to sustain the chancellor's finding. The cases are legion in holding that we will not disturb the chancellor's finding of fact on conflicting evidence unless there is more than a doubt in our

minds that he erred in his conclusion. See Vol. 2 Ky. Digest, Appeal and Error, Key 1009(3).

The judgment is affirmed.